JOSEPH WEEKS *vs.* LUTHER B. HUNT.

FRANKLIN,
*January,*
1834.

Where a debt has been assigned and notice given to the debtor, he cannot plead in offset a note given subsequent to the notice, although the indebtedness in consideration of which the note was executed existed previous to such notice.

When a jail-bond is sued in the name of the Sheriff, the defendants can avail themselves of no defence which would not be allowed if the bond had been formally assigned to the creditor, and the action brought in his name.

This was an action of debt on judgement rendered in a suit on jail-bond, and brought in the name of the Sheriff. Plea, a set-off of a demand against one Jones, the original creditor, for whose debt the bond was taken. Replication, that the plaintiff's demand was assigned to one Bellows, and notice given to defendant before the execution of the note pleaded in offset. The rejoinder traverses the notice. The opinion of the Court is referred to for a further statement of this case.

*Argument for plaintiff.*—There are two questions in this case :

1st, Whether the note executed by Jones to the defendant, or the antecedent indebtedness for which the note was given, shall be set off againt the plaintiff's claim ; and

2d, Whether any demands which the defendant may have against Weeks, the plaintiff, of record can be set off.

I. The note having been executed by Jones after he had assigned to Bellows the demand on which this suit is predicated, and after notice of the assignment had been given to Hunt, the note itself cannot be allowed in offset, because it is a demand which accrued after the notice.

It is, then, the prior existing debt, for which that note was given, which must be set off, if any thing. Now that prior indebtedness was cancelled by, and became merged in the note ; so that no action can be maintained to recover it. Where a note is executed in satisfaction and discharge of an existing debt, the creditor cannot sue on the original cause of action, but must resort to the note, for that operates as a settlement and extinguishment of the prior indebtedness.— *Clarke* vs. *Mandeville,* 1 Salk. 124.— *Sheehy* vs. *Mandeville,* 2 Pet. Con. Rep. 362.— *Wright* vs. *Crockery Ware Co.* 1 N. H. Rep. 281.— *Whitebeck* vs. *Van Ness,* 11 John. 409.—*Hutchins et al.* vs. *Olcott,* 4 Vt. R. 549.

FRANKLIN,
January,
1833.

Weeks
vs.
Hunt.

It is evident, therefore, that Hunt cannot maintain any action against Jones on the original indebtedness. Now, it is an invariable rule of law, that no demand or cause of action can be pleaded in offset, on which the party pleading it, cannot maintain an action.

If Mr. Hunt had intended to have availed himself of the set-off, he should have preserved the original debt in the same state in which it was at the time when notice was given to him of the assignment to Bellows; and it is contended, that by taking the note in settlement and satisfaction of that debt, he waived all claim to plead it in offset in this action.

Again, if the defendant had intended to set up that demand in offset, he should have given notice of such intention at the time when notice was given to him of the assignment. But not having done so, and by his silence inducing Bellows, the assignee, to wait for years till Jones had become insolvent, and had left the country, he has virtually waived all claims of set-off, and cannot now defeat a recovery by setting up such a dormant demand.—*Mowry* vs. *Todd,* 12 Mass. Rep. 284.—*King* vs. *Fowler et al.* 16 Mass. Rep. 397.

Again it is contended, that the defendant has waived his claim in offset by not pleading it when the suit was bro't on the bond. The action on the jail-bond against Hunt was commenced, as appears from the pleadings, at April Term, 1828, and remained in Court till April Term, 1829. But neither before nor during all this time did the defendant set up any claim in offset against Jones. He suffered that action to continue on to final judgement without pretending to have any claim in set-off; and it was not until the present action was brought on that judgement that the defendant attempted to avail himself of any demand he had against Jones. We contend, therefore, that it is now too late to set up this old claim against Jones, and thus defeat a recovery by a *bona fide* assignee.—*Sampson* vs. *Fletcher,* 1 Vt. Rep. 168.—1 Chip. Rep. 277.

II. The demands against Weeks, which the defendant claims to have set off in this case, cannot be allowed, because Weeks is not the real plaintiff, and has no interest in the suit. The case shows that Weeks was the Sheriff who took the jail-bond, and that the creditor received the

bond without assignment, and brought a suit on it for his own benefit in the name of Weeks. In such a case, it is settled law, that the defendant can set up no defence which he could not set up if the bond had been formally assigned to the creditor, and the suit had been brought in his name. But if the suit had been so brought, it would not be contended that the demands against Weeks could have been pleaded in offset.—*Lyman* vs. *Mower et al.* 2 Vt. Rep. 517.

<div style="float:right">FRANKLIN,<br>*January,*<br>1834.<br>———<br>Weeks<br>*vs.*<br>Hunt.</div>

*Argument for defendant.*—This case is an action of debt on judgement. The defendant pleads an offset of demands due from the plaintiff to himself, and also claims due from James Jones. The plaintiff, to avoid the effect of these pleas, replies specially certain facts.——He insists, that neither plaintiff or James Jones have any interest in the question; and the general question now is, whether either of the offsets ought to have been allowed. The defendant insists, that on legal principles, both should have been allowed.

The statute in relation to the present case, literally embraces it, and will enable the defendant to offset any claims he might have against the plaintiff. The statute (p. 85, sec. 92) declares, "that if the plaintiff in any action pending before any Court on bond, bill, note or other contract, shall be indebted to the defendant in such actions, the defendant, after pleading the general issue, &c. may plead in offset any sum or sums due to him from the plaintiff aforesaid."

Now who, in this case, is plaintiff, but Joseph Weeks? He is certainly the only party who has the legal interest in the judgement, and there are no facts presented which can exempt this case from the operation of the statute.

2d. The defendant further insists, that it was competent for him to offset demands due from James Jones existing prior to the assignment to Bellows and notice to the defendant. The defendant pleads an offset in two counts: first, counting on the note against James Jones, and second, money had and received.

The latter count was intended to embrace the original indebtedness constituting the consideration of the note.——

FRANKLIN.
January,
1834.

Weeks
vs.
Hunt.

The defendant offered to prove the original indebtedness for which the note was given existed prior to the notice, and now insists that the Court erred in rejecting the offer.

It cannot be pretended that, had this original indebtedness continued, the defendant might have availed himself of it, in offset to the plaintiff's claim. Upon what ground then can it be urged, that the defendant has lost his right by taking a note for the amount! The giving of the note could not operate as a satisfaction of that indebtedness, and the defendant ought not to be prejudiced by the mere act of changing, or getting additional evidence of that indebtedness.

The opinion of the Court was pronounced by

MATTOCKS, J.—Bellows bought a note of James against Nichols—sued it in the name of James—recovered judgement, and committed Nichols to jail. Hunt, the defendant, signed the jail-bond, which was broken, and a suit brought thereon by Bellows, for his benefit, in the name of Weeks, the Sheriff, against defendant and Nichols; ar before judgement, notified the defendant of the assignment of the debt to him, Bellows.

Judgement passed against the defendant in 1829, which is the judgement now declared upon.

The defendant now pleads in offset, first, a note dated May, 1829, given by Jones to the defendant—also, a count for money had and received. The defendant further pleads certain demands in offset against Weeks, the docket plaintiff. To these pleas in offset, the plaintiff pleads,

1st, The general issue, that neither Jones nor Weeks assumed and promised.

2d, Replies the assignment of the debt by Jones to Bellows and notice to defendants, before the causes of action on the pleas in offset accrued, and the prosecuting the suits before mentioned by Bellows for his benefit.

The defendant, by his rejoinder, traverses the notice, and upon these pleadings the cause came up for trial.— The defendant having admitted the judgement declared on, offered the note against Jones in offset. Plaintiff then proved notice to defendant of the assignment, before the date of the note, and the Court excluded the note. This was obviously correct, under the various decisions in this

Franklin,
January,
1834.

Weeks
vs.
Hunt.

State, by which it is now settled that a Court of Law will protect an assignee of a chose in action, and that the debtor can set up no defence against the original payee of the debt, which accrued after notice to the defendant of the assignment.

The defendant then offered to show that the original indebtedness for which the note was given was prior to notice of the assignment. This the Court also excluded. If the previous indebtedness was extinguished by giving the note, then the note was the only ground of action, or of offset; and the case of *Hutchins et al.* vs. *Olcott*, 4 Vt. R. 549 seems to support the position, that ordinarily, the accepting a promissory note, does extinguish the cause of action upon a debt for which it was taken; and in this case there are no circumstances from which a presumption can be drawn, that this was not the understanding of the parties. This then was a sufficient reason for rejecting the evidence last offered, and there is no occasion for inquiring whether there were other reasons. As to the offsets against Weeks, the docket plaintiff, the suit having been originally bro't on the jail-bond in his name, as Sheriff, at the expense and for the benefit of Bellows, the real creditor; now to permit, as it were, an account to be taken between the Sheriff and this defendant the surety on the bond of their affairs, would be utterly inconsistent with the object of the bond, which is to allow the creditor to collect his debt after condition broken.

Whether the jail-bond was assigned and sued in the name of the creditor, or without an assignment, in the name of the Sheriff, for the benefit of the creditor, is of no importance. In the case of *Burke* adm'r vs. *Mower* 2 Vt. R. 517, the Judge, in giving the opinion of the Court, says, "In any view of the case, it is very clear that no defence can avail the defendants that would not be allowed if the bond had been formally assigned to the creditor, and the action brought in his name." There was therefore no ground for allowing the offsets against Weeks.

The judgement of the County Court is affirmed.

*Aldis & Davis*, for appellee.
*Hunt & Beardsly*, for appellant.